## WEAVER & Others *v.* FIELD & Others.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

Submitted January 6, 1885.—Decided April 13, 1885.

In a suit to foreclose a mortgage on land in Louisiana, given to secure the payment of negotiable promissory notes to their holder, it was held, on the facts, that the plaintiff was never the owner of the notes, as against the mortgagor, or those holding the land under him by deeds in which they assumed the payment of the notes and mortgage.

Bill in equity to foreclose a mortgage. The facts are stated in the opinion of the court.

*Mr. J. D. Rouse* and *Mr. William Grant* for appellants.

*Mr. R. H. Marr* for appellees.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a suit in equity brought by Daniel Weaver, in April, 1881, in the Circuit Court of the United States for the Eastern District of Louisiana, against Spencer Field, Senior, Spencer Field, Junior, and Frederick T. Field. The bill prays that the defendants be decreed *in solido* to pay to the plaintiff the amount of three promissory notes, made by Spencer Field, Senior, to his own order, and indorsed by him, dated November 1, 1873, one for $2,000, at one year, one for $1,500, at two years, and one for $1,500, at three years, with interest at the rate of eight per cent. per annum from maturity; and that certain land covered by a mortgage, of even date with the notes, given by Field, Senior, to one Williams, to secure the payment of the notes to their holder, be sold, and the notes be paid out of the proceeds. The other two Fields are made parties as having successively become grantees of the land, and assumed, each in the deed to himself, which he executed, the payment of the notes and the mortgage. Weaver having died in July, 1881, the suit was revived in the names of the appellants, as his heirs, in February, 1882.

The bill avers that Weaver is the holder and owner of the notes. The answer of the three defendants, filed in June, 1882, avers that Weaver never was the owner of the notes, and never the holder of them for value or in good faith; that the notes and mortgage were made by Field, Senior, for the sole purpose of enabling him to raise money for his own purposes by the sale, or discount, or other use, of the notes; that the mortgage was made in favor of Williams, or any future holder, in order to facilitate the use of the notes; that Field, Senior, was not indebted to Williams; that Williams gave no consideration for the notes, and was merely the nominal mort-

gagee, without interest; that the notes were never the property
of Williams, nor did he ever have them in his possession with
the knowledge or consent of Field, Senior; that, from the date
of the notes, they remained in the possession of Field, Senior,
until he used them, and delivered them to one Folger, as
security for a loan; that, when such loan was paid, Folger re-
turned the notes to Field, Senior, who retained them in his
possession until on or about June 8, 1874, when he deposited
them with Weaver, to be used, if practicable, to raise money
for the uses and purposes of Field, Senior; that, after the notes
had so been deposited, and while they were in the possession
and custody of Weaver, Weaver caused Williams to pledge the
notes to him, Weaver, as security for the note of Williams for
some $2,000; that Williams had no power to make such
pledge, and the same was a mere nullity, for the reason that
Williams did not have the notes in his possession, and they did
not belong to him at the time the pledge was made; that the
notes, at that time, belonged to Field, Senior, and were in the
custody and possession of Weaver, to whom the facts with
respect to the ownership and the possession of the notes were
necessarily known at the time the pledge was made; that
Field, Senior, did not, at any time after the notes were so re-
turned to him by Folger, negotiate them, or issue or deliver
them to any person for value; that, by reason of the premises,
the notes and mortgage were extinguished and became of no
effect; and that Weaver never had, nor have any persons de-
riving title from him, any right or cause of action against the
defendants, or any one of them, on the notes or the mortgage.

There was a replication, and proofs were taken, Field, Se-
nior, and Williams being witnesses for the defendants. The
bill was dismissed by a decree which states that the court con-
sidered that, by the undisputed evidence of Field, Senior, and
Williams, and the circumstances of the case, it was shown that
the notes in suit, after being issued and delivered to Folger,
were taken up by, and came into the possession and ownership
of, the maker, and were thus, under the laws of Louisiana, ex-
tinguished by confusion; that Weaver had notice of all this;
and that, by the extinguishment of the notes, the mortgage fell.

Without reference to the ground stated by the Circuit Court as that on which it dismissed the bill, we are of opinion that the dismissal was proper. The matters of fact averred in the answer, as above set forth, are established by the evidence. It is shown that Weaver never acquired any title to the notes as owner, or as holder of them as security for any indebtedness from Field, Senior, to him; and that he received them from Field, Senior, as agent, to raise or advance money on, for, or to Field, Senior, and failed to do so, and retained them tortiously, and without the assent of Field, Senior. When Weaver first, in February, 1878, took legal proceedings to enforce the mortgage, Field, Senior, in the petition in the suit he brought against Weaver, in March, 1878, more than three years before Weaver died, to restrain Weaver's proceedings, denied that Weaver held or owned the notes, and alleged, in substance, the same facts set up in the answer in the present suit. We have carefully considered the argument on the facts made on the part of the appellants, but do not deem an extended opinion upon them necessary. The property in the hands of the grantees was bound only to the extent it was bound in the hands of the mortgagor, and only to respond to a lawful holder of the notes.

*Decree affirmed.*